# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SHAUNA D. MCDOWELL,<br>    Appellant, | DOCKET NUMBER<br>SF-0752-13-0887-I-2 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>    Agency. | DATE: April 22, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bradley R. Marshall</u>, Charleston, South Carolina, for the appellant.

<u>Douglas W. Frison</u>, Esquire, APO-AP, APO/FPO Pacific, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's demotion action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was employed as a GS-14 Supervisory Human Resources Specialist in the Department of Defense Education Activity (DoDEA), Pacific Area. MSPB Docket No. SF-0752-13-0887-I-1 (I-1), Initial Appeal File (IAF), Tab 5 at 35 of 229. On February 28, 2013, the agency proposed to remove her from her position based on four charges: (1) failure to timely report misconduct to the proper authorities; (2) refusal to cooperate in an investigation conducted by her supervisor; (3) unprofessional conduct toward her supervisor; and (4) unprofessional conduct towards one or more employees. I-1, IAF, Tab 5 at 98-102. After providing her with the opportunity to respond to the notice of proposed removal, the deciding official issued a decision letter sustaining the first two charges but not the last two charges regarding unprofessional conduct. *Id*. at 36-38. The deciding official determined that the sustained charges did not warrant the penalty of removal. *Id*. at 36. Instead, he demoted her to the position of AD-12 Human Resources Specialist. *Id*. The demotion was effective July 28, 2013. *Id*. at 35.

¶3 Thereafter, the appellant filed an appeal contesting her demotion. I-1, IAF, Tab 1. She also raised claims of discriminatory hostile work environment,

harmful procedural error, discrimination based on race, and retaliation for whistleblowing activities and prior Equal Employment Opportunity activity. I-1, IAF, Tabs 15 at 3, Tab 20, Tab 23 at 12-23, Tab 29. In addition, she contended that her first-line supervisor had committed a prohibited personnel practice and that the agency violated her constitutional due process rights. I-1, IAF, Tab 15 at 3, Tab 20 at 4-5; Hearing Compact Disc.

¶4 Following a hearing, the administrative judge issued an initial decision affirming the agency's action. MSPB Docket No. SF-0752-13-0887-I-2 (I-2), IAF, Tab 5, Initial Decision (ID) at 1, 41. The administrative judge sustained the agency's two charges and found that the appellant had failed to establish any of her affirmative defenses.[2] ID at 15-38. The administrative judge further found that the agency established the nexus requirement and that the penalty of demotion was within the bounds of reasonableness. ID at 22-23, 38-41.

¶5 The appellant has filed a petition for review. I-2, Petition for Review (PFR) File, Tab 3. On petition for review, the appellant contends that: (1) the administrative judge erred in sustaining the agency's charges; (2) the agency failed to apply the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306-07 (1981); and (3) the penalty of demotion was unreasonable given the penalty imposed in similar cases. PFR File, Tab 3. The agency has responded to the appellant's petition for review, PFR File, Tab 4, and the appellant has filed a reply to the agency's response, PFR File, Tab 5.[3]

---

[2] The appellant does not contest the administrative judge's findings regarding her affirmative defenses in her petition for review. In any event, we disturb no basis for disturbing these well-reasoned findings on review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

[3] The agency has also filed a pleading titled "Corrected Response to Appellant's Petition for Review." PFR File, Tab 6. This submission is identical to its response. *Compare* PFR File, Tab 4, *with* PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly sustained the agency's charges.

¶6    The agency provided a detailed narrative in support of its first charge of failure to timely report misconduct to authorities. I-1, IAF, Tab 5 at 98-99. In the narrative, the agency stated that, on October 31, 2012, the appellant revealed to a DoDEA Assistant Counsel that, during after duty hours in late September or early October 2012, she had heard noises of a sexual nature emanating from one of the stalls in the first floor women's restrooms of the Pacific Area office. *Id*. at 98. The agency specified that the appellant said that she recognized one of the employees in the stall as being a Human Resources employee and called out the employee's name. *Id*. The appellant stated that the employee then exited the stall, followed by a GS-14 DoDEA Pacific Division Chief who appeared to be zipping up his pants and who admitted to having engaged in sexual relations with the Human Resources employee. *Id*. The agency further specified that the appellant relayed to the Assistant Counsel that, on another occasion around the same time, she had entered the Pacific Area office on a weekend day and heard sounds of what she believed were employees engaging in sexual conduct in one of the Human Resources offices. *Id*. The agency stated that, as Chief of the Pacific Area Human Resources, the appellant had a duty to report suspected misconduct by DoDEA employees occurring in the Pacific Area office building. *Id*. at 99. The agency stated that the appellant should have immediately reported the misconduct and that she had failed to timely report these incidents to her supervisor. *Id*.

¶7    The appellant alleges on review that the agency failed to prove its charge because it had no clear policy concerning reporting such misconduct. PFR File, Tab 3 at 16, 18. We need not determine whether the administrative judge properly sustained this charge, however, in light of the agency's correctly sustained second charge and because the penalty of demotion can be justified on that charge alone. *See, e.g.*, *Levick v. Department of the Treasury*, 75 M.S.P.R.

84, 90 (1997) (the Board did not need to determine whether the administrative judge correctly dismissed a falsification charge because the 60-day suspension was the appropriate penalty in light of the only sustained charge), *aff'd*, 155 F.3d 568 (Fed. Cir. 1998); *Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994) (the Board did not need to determine if the administrative judge improperly split a charge because the other sustained charges justified the penalty), *aff'd*, 48 F.3d 1235 (Fed. Cir. 1995).

¶8        In support of its second charge of refusal to cooperate in an investigation conducted by her supervisor, the agency stated that on November 13, 2012, the appellant's supervisor directed her to provide the names of the individuals the appellant stated she witnessed coming out of a toilet stall in the women's restroom of the Pacific Area office in late September or October 2012.  I-1, IAF, Tab 5 at 99.  The agency specified that the appellant refused to provide the individuals' names on that date and that she again refused to provide them the following day.  *Id*.  The agency stated that, even after the directive was put in writing, signed by the appellant's supervisor, and provided to the appellant, she again refused to reveal the names.  *Id*.  The agency stated that the appellant responded that she would provide the names after receiving an email copy of the directive but that she refused to do so even after this occurred.  *Id*.

¶9        We agree with the administrative judge's finding that the agency proved its second charge.  In particular, we discern no basis for disturbing the administrative judge's well-reasoned finding that the appellant's first-line supervisor informed her on November 13 and 14, 2012, that, as part of the agency investigation, the appellant was required to provide the names of the individuals she saw in the bathroom.  ID at 21.  Although the appellant reported what she observed, she failed to cooperate in the agency's subsequent investigation.  As noted by the administrative judge, it is undisputed that the appellant refused to participate in an investigation beginning November 26, 2012, and that she did not

provide the individuals' names until January 7, 2013. ID at 21; I-1, IAF, Tab 5 at 171.

¶10     On petition for review, the appellant contends that the administrative judge erred in finding that she was not entitled to a *Kalkines* warning before her supervisor requested information from her as part of the investigation into the alleged incidents of sexual misconduct. PFR File, Tab 3 at 5, 13, 15; ID at 21-22; *see Kalkines v. United States*, 473 F.2d 1391, 1393 (1973). We find the appellant's assertion unpersuasive.

¶11     If an employee reasonably believes that her statements may be used against her in a criminal trial, she has a Fifth Amendment privilege to not answer questions posed during an agency administrative investigation. *Weston v. Department of Housing & Urban Development*, 724 F.2d 943, 947-48 (Fed. Cir. 1983); *Ashford v. Department of Justice*, 6 M.S.P.R. 458, 465 (1981). However, if the agency advises an employee that (1) her refusal to answer may result in her removal, and (2) any statement she may make will not be used against her in a criminal proceeding, the appellant does not have a Fifth Amendment privilege to refuse to answer questions posed during an administrative investigation because she has "use immunity" resulting from an agency's threat to remove her if she fails to answer the agency's questions. *See Garrity v. New Jersey*, 385 U.S. 493, 500 (1967) (the threat of removal from one's position constitutes coercion which would render any statement compelled under such a threat to be inadmissible in a criminal proceeding); *see also Kalkines*, 473 F.2d at 1393.

¶12     Here, the administrative judge found that *Kalkines* and *Garrity* are not applicable to the appeal because the appellant did not reasonably believe that identifying employees involved in the alleged incidents of sexual misconduct could be used against her in a criminal trial. ID at 21-22. We discern no basis for disturbing this well-reasoned finding on review. *See Ashford*, 6 M.S.P.R. at 466 (finding that *Kalkines* did not apply where there was no reason for the appellant to believe that her statements could be used in a criminal proceeding).

In any event, the administrative judge found that, even if the appellant reasonably believed that identifying these employees could lead to her criminal prosecution, her first-line supervisor invoked *Kalkines* on November 14, 2012. ID at 22. Based on the foregoing, we affirm the administrative judge's finding that the agency proved its second charge of refusal to cooperate in an investigation conducted by her supervisor.

The agency's penalty of demotion is affirmed.

¶13    When the Board declines to sustain all of the charges, it must consider carefully whether the sustained charges merit the penalty imposed by the agency. *Dogar v. Department of Defense*, 95 M.S.P.R. 52, ¶ 18 (2003), *aff'd*, 128 F. App'x 156 (Fed. Cir. 2005); *see Lachance v. Devall*, 178 F.3d 1246, 1258 (Fed. Cir. 1999) (when the Board agrees with the penalty assessment, yet declines to affirm all charges, it must "precisely articulate the basis for upholding the agency's action.").[4] After reconsidering the penalty determinations of the agency

---

[4] Factors that may be relevant in determining an appropriate penalty include: (1) the nature and seriousness of the offense and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated; (2) the employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position; (3) the employee's past disciplinary record; (4) the employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability; (5) the effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's ability to perform assigned duties; (6) consistency of the penalty with those imposed upon other employees for the same or similar offenses; (7) consistency of the penalty with any applicable agency table of penalties; (8) the notoriety of the offense or its affect upon the reputation of the agency; (9) the clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in question; (10) potential for the employee's rehabilitation; (11) mitigating circumstances surrounding the offense such as unusual job tensions, personality problems, mental impairment, harassment or bad faith, malice or provocation on the part of others involved in the matter; and (12) the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others. *Douglas*, 5 M.S.P.R. at 305-06.

and the administrative judge, we find that the agency's penalty of demotion can be sustained based on the agency's second charge alone.

¶14    In sustaining the agency-imposed penalty, the administrative judge cited the appropriate considerations, including the appellant's supervisory position. ID at 39-41; *see Cantu v. Department of the Treasury*, 88 M.S.P.R. 253, ¶ 8 (2001) (a higher standard of conduct is required of a supervisor). The administrative judge considered the appellant's disparate penalties claim, and found it to be without merit. ID at 40-41; *see Douglas*, 5 M.S.P.R. at 305 (the consistency of an agency-imposed penalty with those imposed on other employees for the same or similar offenses is one factor the Board will consider in determining whether the penalty is reasonable). The appellant reiterates her disparate penalties claim on review, contending that the GS-14 DoDEA Pacific Division Chief who she allegedly discovered engaging in sexual misconduct was not disciplined despite having allegedly engaged in sexual misconduct, making discriminatory statements, and being investigated for misconduct. PFR File, Tab 3 at 19-21. To establish disparate penalties, there must be a showing that the charges and the circumstances surrounding the appellant's charged behavior are substantially similar to those in the comparator's case. *Voss v. U.S. Postal Service*, 119 M.S.P.R. 324, ¶ 6 (2013). Here, the administrative judge correctly noted that there is no evidence that the DoDEA Pacific Division Chief the appellant allegedly saw engaging in sexual misconduct failed to cooperate in any investigation. ID at 41. We discern no basis for disturbing this finding on review and therefore affirm the administrative judge's finding that the appellant and the alleged comparator were not similarly situated for disparate penalty purposes. ID at 41.

¶15    The administrative judge also properly noted that the deciding official considered several mitigating factors, such as the appellant's performance history, lack of prior discipline, length of service, and belief that she could be rehabilitated. ID at 40; I-1, IAF, Tab 5 at 36. We find that these mitigating

factors, however, are outweighed by the seriousness of the sustained misconduct. *See Martin v. Department of Transportation*, 103 M.S.P.R. 153, ¶ 13 (2006), *aff'd*, 224 F. App'x 974 (Fed. Cir. 2007) (the nature and seriousness of the appellant's offense is the most significant factor in a penalty determination). In this regard, we note that both the courts and the Board have held that failure to cooperate with an investigation is a serious offense and have held that removal from employment is an appropriate penalty for such misconduct. *See, e.g.*, *Weston*, 724 F.2d at 950-51 (declining to mitigate a removal for refusing to cooperate in an investigation); *Hamilton v. Department of Homeland Security*, 117 M.S.P.R. 384, ¶¶ 6, 16 (2012) (sustaining the agency-imposed penalty of removal based on the charge of failure to cooperate in an agency investigation); *Negron v. Department of Justice*, 95 M.S.P.R. 561, ¶ 34 (2004) (even where not all charges were sustained, removal was the appropriate penalty for the single sustained charge of failure to cooperate during an official investigation in light of the seriousness of the offense and the affect the appellant's misconduct had on the agency's trust and confidence in her); *see also Sher v. Department of Veterans Affairs*, 488 F.3d 489, 509 (1st Cir. 2007) ("Courts have repeatedly held that removal from employment is justified for failure to cooperate with an investigation.").

¶16   Accordingly, under the circumstances in this case, we find that the agency-imposed penalty of demotion was within the bounds of reasonableness and that it promoted the efficiency of the service. We therefore sustain the agency's demotion action.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues

of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order

before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims: Judicial Review

If you do not want to request review of this final decision concerning your discrimination claims, but you do want to request review of the Board's decision without regard to your discrimination claims, you may request review of this final decision on the other issues in your appeal by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.